Marcus Heuberg *vs.* Bernard Goodman *et al.*

APRIL 11, 1949.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This bill in equity was heard on its merits in the superior court which entered a final decree denying and dismissing the bill. From the entry of that decree the complainant prosecuted his appeal to this court. While that appeal was being perfected and before the cause was actually entered here, the complainant moved in the superior court that the final decree be amended by striking therefrom a paragraph which required him to file a certain bond in the event of his taking an appeal. After a hearing in that court the trial justice denied the motion and from the entry of a decree to that effect the complainant duly appealed, and that appeal is the only one now before us for determination.

It appears from the record that the bill of complaint prayed for the cancellation of a certain overdue note and mortgage of $5000, made by complainant to respondents, on the ground that they had been obtained by fraud. An injunction is outstanding against the respondents preventing them from foreclosing the mortgage, which is security for the note and covers certain personal property in the possession of the complainant. Witnesses estimated the value of such property at from $4413.50 to $5716. There is now due on the principal of the note $4800 together with an appreciable amount of accumulated interest.

The complainant's contention in substance is that his right of appeal should not be conditioned upon the filing of such a bond as was called for by the questioned paragraph of the final decree; that the superior court had no

authority or jurisdiction to require him to file that type of bond; and that if the court did have power to order the filing of a bond it abused its discretion in respect to the amount thereof and the alleged onerous and unnecessary conditions contained therein. On the other hand the respondents uphold the action of the trial justice in providing for the filing of the bond in issue.

The paragraph which the complainant is seeking to have stricken from the final decree is numbered 7 and, among other things, provides that if the complainant takes an appeal he is directed within fourteen days thereafter to deliver to the clerk of the superior court a bond in the sum of $1500 in cash, or with real estate surety, or with a duly authorized surety company. Then after setting out certain conditions not here important, the paragraph continues as follows: "and whereas it is necessary to fill the need for the protection of the rights of the Respondent, Bernard Goodman, until the appeal shall be heard and determined by the Supreme Court and whereas the fair appraisal of the personal property securing the mortgage note aforesaid is now Fifty-two Hundred Dollars ($5200); now therefore, if the Complainant shall prosecute his claim of appeal, and if his appeal shall be sustained on the ground that the note and mortgage are invalid, then this bond being a deficiency bond, so-called, to pay the deficiency between the amount of the mortgage indebtedness and the amount of the net proceeds realized from the foreclosure sale of the personal property (after deducting the costs and expenses as provided in said mortgage) shall be null and void, otherwise to be and remain in full force and effect."

The statute under which the superior court acted in ordering the filing of the bond is general laws 1938, chapter 541, §4, which reads in part as follows: "The justice of the superior court who made the decree appealed from * * * may make such orders for injunction, giving bond, and the appointment of receivers, and such other orders as are needful for the protection of the rights of the parties

until the appeal shall be heard and determined by the supreme court, subject, *however,* to be modified or annulled by the order of the supreme court upon motion after the appeal is entered therein."

In this state we have no general statute requiring an appeal bond to be filed whenever an appeal is taken to this court. It is clear, however, that it was the intent of the above-quoted section to give the superior court authority, after an appeal from its decree had been taken and in the exercise of its judicial discretion, to order the giving of a bond such as might be needful for the protection of the rights of the parties until the appeal should be heard and determined by this court. Under that section the superior court is given reasonably broad powers to select the kind of bond it deems necessary for accomplishing the purpose set out in the statute, but we consider that the authority granted is not without limit. It is our opinion that any bond ordered pursuant to the provisions of the above section must grow out of and be directly related to the appeal which has been taken. By clear implication the taking of an appeal is a condition precedent to the exercise by the superior court of such authority under that section. Moreover, under the express terms of the statute the object of such bond is only for the protection of the rights of the parties until the appeal shall be heard and determined by this court, which is also given additional authority to modify or annul on motion the order made by the superior court.

In the instant cause it is clear that the trial justice, in the exercise of his sound discretion, felt that the complainant should file a bond on appeal in order to protect the rights of the respondents. While the inclusion in the final decree of the disputed provision to that effect was questionable the record shows that there was a hearing on the form of the final decree, and that paragraph 7 thereof was to take effect only "if the Complainant takes an appeal from this Decree * * *." Since no question as to any ir-

regularity of procedure has been raised we will treat the order for the bond as though made after the final decree was entered and the claim of appeal therefrom filed, especially as the complainant, since the entry of the cause in this court, has filed a motion to strike paragraph 7 from the final decree. This is similar to the motion filed by him in the superior court, the denial of which is now the subject of the present appeal.

On examination it appears that paragraph 7 of the final decree described the bond ordered by the superior court as "a deficiency bond, so-called, to pay the deficiency between the amount of the mortgage indebtedness and the amount of the net proceeds realized from the foreclosure sale of the personal property (after deducting the costs and expenses as provided in said mortgage) * * *." We are of the opinion that the trial justice in ordering such a bond exceeded the power and authority given him under §4, *supra*. A bond of the above type created an entirely new right in favor of the respondents against the complainant which they did not have when they were brought into court by the bill of complaint. The bond as ordered was in effect added security for the complainant's original indebtedness. Such a bond does not have a direct relation to the appeal only, and does not seek to merely protect the respondents' rights as determined by the superior court on the hearing on the merits of the bill; but it goes further and by order of that court and without act of the parties themselves gives the respondents an additional right against the complainant. See *Kennedy* v. *Nims,* 52 Mich. 153.

Giving effect, however, as being reasonable in the circumstances, to the finding of the trial justice that it was necessary for the protection of the respondents' rights, as he saw them, that the complainant be ordered to file an appeal bond, we are of the opinion that paragraph 7 of the final decree relating to such a bond should be modified. The bond required should in our judgment be in the nature of an indemnity bond rather than a deficiency bond. Such

an indemnity bond would spring from the taking of the appeal, would be directly related thereto, and would be given to protect the rights of the parties until the appeal should be determined by this court. Interest accruing on complainant's note subsequent to the date of the entry of the final decree might well be so covered. In view of the necessity to change the nature of the bond and because of the evidence as to the value of the mortgaged property, it is our opinion that a penal sum of $1000 therein should be sufficient to protect the respondents' rights during the pendency of the appeal.

Heretofore in *Goggin* v. *Goggin*, 57 R. I. 166, we had occasion to consider certain aspects of §4, *supra*, although not the precise point now before us. The bond involved in that case was apparently in the nature of an indemnity bond and the chief question raised related to the effect of the failure of the party ordered to file the bond to do so. At page 168 of that opinion we held: "* * * it appears that an appeal is entered in this court immediately upon the filing of claim and reasons of appeal from a decree and the allowance of the transcript." Further, at page 169 of the opinion, we stated: "Consequently, while we cannot say in the present circumstances that her failure to file the bond necessarily prevented the *entry* of her appeals, we are of the opinion that the terms of the above statute, and justice between the parties, require the filing of that bond as ordered, before she can obtain a hearing or determination of these appeals."

In the instant cause the complainant's appeal appears to have been duly entered in this court in accordance with the above holding. Its entry is not necessarily prevented by the order of the superior court that the complainant file a bond on appeal or that such order has not yet been carried out. However, the matter of the hearing and determination of the appeal from the final decree will be governed by the above rule as set out in *Goggin* v. *Goggin, supra*.

The determination of the present appeal, in our opinion, disposes of the motion made in this court by the complainant to strike out paragraph 7 of the final decree, because the questions under that motion are also raised by the appeal.

The complainant's appeal is sustained in part, and on April 20, 1949 the parties may present for our approval a form of decree modifying paragraph 7 of the final decree, in accordance with this opinion, so as to provide for the filing within fourteen days thereafter of a bond of the nature and amount as hereinbefore indicated.

*Harlow & Boudreau, Israel Moses,* for complainant.

*Temkin & Temkin, Jacob S. Temkin,* for respondents.