Fernando E. NUNES, et al

v.

MEADOWBROOK DEVELOPMENT CO., INC.

No. 2002–506–Appeal.

Supreme Court of Rhode Island.

Sept. 24, 2002.

Howard E. Walker, Providence.

Michael A. Kelly, Canton, MA, John O. Mancini, Providence.

### ORDER

This appeal came before the Court in conference on September 17, 2002 with respect to a motion to annul a Superior Court order requiring the plaintiffs, Fernando E. Nunes and Nancy A. Nunes (plaintiffs or the Nuneses), to post a $650,000 bond as a condition of prosecuting their appeal from a judgment. The Nuneses, who own a certain parcel of property in the town of Cumberland (town), sought injunctive relief to prevent the defendant, Meadowbrook Development Co., Inc. (Meadowbrook) from using an easement on the Nuneses' property to access certain adjacent lots owned by Meadowbrook. But the court ruled against them, concluding that the Nuneses' property contained an easement running in favor of Meadowbrook's adjacent property. The Nuneses have appealed from that judgment to this Court. After they filed their notice of appeal, however, Meadowbrook invoked Article I, Rule 7 of the

Supreme Court Rules of Appellate Procedure, and requested the Superior Court to require the Nuneses to post a bond to secure any damages that Meadowbrook might incur as a result of delayed or lost lot sales during the Nuneses' appeal. In particular, Meadowbrook suggested that the mere pendency of the appeal challenging its right to use the easement would negate pending and contemplated sales of various adjacent house lots that it owns; that existing and prospective buyers would be unable to obtain financing to purchase such lots during the pendency of this appeal; and that, consequently, it would lose substantial sums of money during the appeal process that it already had invested in the anticipated development and sale of these lots. The Superior Court granted the motion and required plaintiffs to post a $650,000 bond in connection with the prosecution of their appeal.

Significantly, however, the Nuneses did not obtain a stay or any other relief from the Superior Court's judgment pending their appeal. Nor have they sought a stay or an injunction from this Court that would prevent Meadowbrook from using the easement or selling its house lots during the appeal. Thus, this is not a situation where, as a condition of obtaining such relief, the Superior Court could order the Nuneses to post a supersedeas bond under Rule 62(d) of the Superior Court Rules of Civil Procedure (allowing appellant to obtain a stay of execution or enforcement of the judgment by giving a supersedeas bond).[1] *See also* Article I, Rule 8 of the

---

1. Pursuant to Rule 62(d) of the Superior Court Rules of Civil Procedure—which was amended in 1995 "to bring the rule into conformity with the federal rule" *see* Rule 62, Committee Notes—to obtain a stay of proceedings to enforce a money judgment, including execution, the court ordinarily should require the appellant to post a bond in an amount that will be sufficient to satisfy the judgment in full, together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or the judgment is affirmed. *See* 11 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2905 at 522 (1995).

Supreme Court Rules of Appellate Procedure (ordinarily, application for a stay of enforcement pending appeal or an injunction must be sought in the first instance in the trial court, and relief available under the rule in the Supreme Court may be conditioned upon the filing of a bond or other appropriate security).

In addition to Rule 62(d), however, the trial court may require a party to post a bond under Rule 7:

> "The justice or judge of the Superior, Family or District Court who entered the judgment, order, decree, or other determination from which review is being sought * * * may make such orders for injunction, giving bond, and the appointment of receivers, and such other orders as are needed *for the protection of the rights of the parties* until the appeal or petition for review shall be heard and determined by the Supreme Court, subject to modification or annulment by order of the Supreme Court upon motion." (Emphasis added.) S.Ct. R.App. P. 7.

We are of the opinion that the order requiring the posting of the $650,000 appeal bond in this case was improper under the reasoning of this Court in *Heuberg v. Goodman,* 75 R.I. 226, 65 A.2d 706 (1949). In *Heuberg,* the Court construed the scope of a statute that was a predecessor to the above-quoted Rule 7. *Heuberg* held that a bond of the type contemplated by the language in this rule cannot give moving parties "an additional right against the com-

plainant," one "which they did not have when they were brought into court by the bill of complaint." *Heuberg,* 75 R.I. at 230, 65 A.2d at 709. Yet, in this case, the bond in question would give Meadowbrook the right to recover damages for any lost sales, delayed sales, or lost profits that Meadowbrook may incur with respect to the lots in question merely as a result of the time it takes for this Court to dispose of the Nuneses' appeal. Under *Heuberg,* such a bond is improper because:

> "A bond of the above type create[s] an entirely new right in favor of [Meadowbrook] against [the party posting the bond] which [it] did not have when [it was] brought into court by the bill of complaint. * * * Such a bond does not have a direct relation to the appeal only, and does not seek to merely protect [Meadowbrook's] rights as determined by the superior court on the hearing or the merits of the bill; but it goes further and by order of that court and without act of the parties themselves gives [Meadowbrook] an additional right against the complainant." *Id.*

In other words, the Superior Court's powers under Rule 7 do not extend to requiring a party who appeals from a judgment to post a bond to compensate the other party for the potential consequential damages that it may sustain merely because of the time it takes to dispose of the appeal—at least when, as here, Meadowbrook's right to obtain such damages was not the subject of the under-

---

"The stay issues as a matter of right in cases within Rule 62(d), and is effective when the supersedeas is approved by the court.

"Although the amount of the bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay, the courts have inherent power * * * to provide for a bond in a lesser amount or to

permit security other than the bond. If the judgment is affirmed or the appeal dismissed, the judgment may be satisfied out of the bond.

"In the absence of a stay obtained in accordance with Rule 62(d), the pendency of an appeal does not prevent the judgment creditor from acting to enforce the judgment." *Id.* at 520, 522, 524.

lying litigation, nor was the Nuneses' potential liability for same. This is so because this type of bond would not be one that was merely for "the protection of the rights of the parties until the appeal or petition for review shall be heard and determined by the Supreme Court." Sup.Ct. R.App. P. 7. On the contrary, it also would bestow upon the appellee a new secured right to recover consequential damages from a guaranteed recovery source—even though that right to recover damages was not adjudicated in the underlying litigation that is the subject of the pending appeal. Moreover, it also would effectively chill the rights of parties to appeal from adverse judgments. Such a bond, we conclude, is not within the scope of Rule 7. *See Heuberg,* 75 R.I. at 230, 65 A.2d at 709.

When it persuaded the Superior Court to order the Nuneses to post such a bond, Meadowbrook possessed no "right" to obtain damages from the Nuneses for its inability to sell the lots in question during the pendency of the Nuneses' appeal because the Superior Court did not adjudicate that issue when it ruled on the underlying case. During the pendency of the appeal, Meadowbrook will have full access to and use of the easement, as well as the lots in question. It can sell or use its property and the easement as it sees fit to do so, and as market conditions may permit. But the trial court's order requiring the Nuneses to post a bond of this magnitude is tantamount to granting Meadowbrook a prejudgment—indeed, a pre-lawsuit—attachment on the Nuneses' assets for potential future damages that Meadowbrook may incur during the pendency of this appeal—damages that will depend on circumstances that have yet to occur, that may or may not be attributable to the Nuneses, and for which the Nuneses may or may not be liable. These are not proper purposes for requiring a bond to be posted during the pendency of an appeal. Meadowbrook possessed no protected right to sell its lots free and clear of any adverse risks created by the mere pendency of the Nuneses' appeal. Thus, Rule 7 cannot be invoked to support the giving of such a bond.[2]

For these reasons, we grant the motion to annul and vacate the Superior Court's order requiring the plaintiffs to post a bond during the pendency of this appeal, without prejudice to Meadowbrook moving in this Court to expedite the prebriefing process or, after briefs have been filed, moving to affirm the judgment under Article I, Rule 16(g) of the Supreme Court Rules of Appellate Procedure.

---

**2.** Meadowbrook's memorandum in support of its objection to the Nuneses' motion to annul the bond refers to an unpublished order of this Court in another case, citing it as authority that allegedly supports Meadowbrook's position. Without addressing whether the situation in that other case was similar to or distinguishable from this one, we would simply point out that under Article I, Rule 16(h) of the Supreme Court Rules of Appellate Procedure "[u]npublished orders have no precedential effect;" hence, they "will not be cited by the Court in its opinions and *such orders will not be cited by counsel in their briefs."* (Emphasis added.)