225 A.2d 793.

YANKEE INVESTMENTS, INC. *vs*. EFCO MANUFACTURING, INC.

JANUARY 27, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Roberts, C. J. This is a motion brought pursuant to the provisions of Rule 60 (b) of the Rules of Civil Procedure of the Superior Court for relief from a final judgment entered by that court on March 31, 1966 for the possession of certain tenements. At a hearing held on this motion on April 28, 1966 a justice of that court denied the motion, and thereafter the defendant prosecuted an appeal from the order to this court.

It appears that on February 8, 1966 plaintiff in the district court for the sixth judicial district brought an action of trespass and ejectment to recover possession of premises of which defendant was the lessee. After a hearing, judg-

ment was entered for plaintiff for possession with costs, and an appeal by defendant was taken to the superior court. While the appeal was pending in the superior court, plaintiff on March 26, 1966 filed a motion for entry of judgment therein on the ground that there had been a failure on defendant's part to comply with the provisions of G. L. 1956, §34-20-7.

Section 34-20-7 provides, in pertinent part, that whenever there is pending in the superior court an appeal from a decision granting a plaintiff possession of tenements in an action of trespass and ejectment the defendant "shall pay to the plaintiff or plaintiffs sums of money equal to the rent for such premises, which said sums shall be paid at such times and in such amounts as rent would be due and payable were the action of trespass and ejectment not then pending." It is not disputed that defendant did not comply with the provisions of said §34-20-7, not having paid the rent for the month of March 1966.

Section 34-20-8 provides for the entry of judgment in such circumstances, said section reading: "In the event that the defendant or defendants shall fail or refuse to pay all such sums promptly when due, in accordance with the provisions of §34-20-7, the court in which said case is pending, shall, without any trial on the merits, on motion of the plaintiff or plaintiffs, and hearing thereon, including satisfactory proof of such nonpayment, enter an order for the entry of judgment and the issuance of such execution and the prompt service thereof, and from such order there shall be no appeal."

The defendant argues that its failure to pay the rent in compliance with the provisions of §34-20-7 resulted from circumstances that constitute excusable neglect within the meaning of Rule 60 (b). It argues, therefore, that it was an abuse of discretion on the part of the superior court to deny it relief from the judgment entered on plaintiff's motion. The pertinent portion of Rule 60 (b) reads: "On

motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

The plaintiff argues, on the other hand, that Rule 60 (b) is without application in the instant case, contending that were it to be applied, it would provide for an appeal from a decision that §34-20-8 in express terms makes unappealable. It must be conceded that the statute in express terms inhibits judicial review of the decision to enter judgment upon a showing of nonpayment of rent. It is our opinion, however, that the statute precludes also granting relief from judgments so entered under the provisions of Rule 60 (b). This because the statute in its terms indicates that the legislature contemplated that the order entering judgment upon a showing of default in payment of rent would operate to divest the court in which the appeal was pending of jurisdiction to hear and determine the appeal from the decision of the district court in a trespass and ejectment action.

In *Gradilone* v. *Superior Court,* 79 R. I. 256, the court was considering the effect of the provisions of §34-20-8, then P. L. 1948, chap. 1986, sec. 2. There this court said that the payment of the rent for the demised premises under §34-20-7 "is a continuing condition to the right of a defendant to a trial of his appeal in the superior court." In short, it is our opinion that the requirement for the payment of rent goes to the jurisdiction of the appellate court and that however liberally we construe the provisions of Rule 60 (b) when properly invoked, we cannot apply it to reinstate for hearing a cause in which the legislature has divested the appellate court of its jurisdiction to hear and determine.

In *Petition of deBrabant,* 96 R. I. 61, this court discussed the effect of the provisions of G. L. 1956, §9-21-4, which relate to relief from judgments entered upon default, and

noted that so far as time limitations within which petitions for such relief would have to be brought, they were to be interpreted literally and that the court was without jurisdiction to grant such relief under the statute where the petition for relief was not filed within the time prescribed in the statute. We are unable to perceive that there is any difference between the condition for the payment of rent under §34-20-7 and the time limitations under the statutes providing for such relief of which §9-21-4 is typical. In the circumstances we feel that the court did not err in denying the relief sought here.

The view we take on the effect of the motion, in our opinion, is consistent with the generally accepted view that the rule is not intended to constitute a substitute for an appeal, 7 Moore, Federal Practice, §60.18 [8], p. 215, nor to provide an alternative method of appellate review, nor as a means of circumventing time limits on appeal. 3 Barron and Holtzoff, Federal Practice and Procedure, §1322, p. 392.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aisenberg, Decof & Dworkin, Alan T. Dworkin,* for plaintiff.

*Dick & Carty, Paul Pisano,* for defendant.