409 A.2d 1220.

TOWN OF HOPKINTON *vs.* CLAYTON J. KEISER.

JANUARY 10, 1980.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

DORIS, J.    This is a civil action to abate a public nuisance. The defendant, Clayton J. Keiser (Keiser), is appealing from

a denial of a motion for relief from an order pursuant to Super. R. Civ. P. 60(b)(1). The order from which Keiser is appealing requires him to comply with two subsequent orders of the court regarding removal of debris and derelict motor vehicles from his property or to permit the plaintiff, town of Hopkinton (Hopkinton), to do so. Pending disposition of this appeal, a stay of the order was granted by this court.

The record indicates that on March 16, 1976, plaintiff filed a complaint against defendant to enjoin Keiser from maintaining a public nuisance on two lots, numbers 44 and 46, in Hopkinton. By agreement of parties, the court entered an order on April 6, 1976, specifying that Keiser would:

1) remove debris from the foundation on lot 44,

2) place a temporary floor on the foundation on lot 46,

3) remove all unregistered motor vehicles except one on each lot,

4) remove all debris from lot 46, and

5) remove the mill structure and renovate the blacksmith shop on lot 46.

On May 24, 1976, Hopkinton moved to adjudge Keiser in contempt. The court found there was insufficient evidence upon which to make a ruling and denied the town's motion.

Subsequently, on May 27, 1977, Hopkinton again moved to adjudge Keiser in contempt. A stipulation was entered on October 4, 1977, whereby Keiser agreed to:

1) allow Hopkinton to remove the debris from lot 44,

2) break up the foundation on lot 44 so it could be removed by Hopkinton,

3) put a temporary floor on the foundation on lot 44, and

4) remove all automobile and truck chassis from lots 44 and 46 except for one red van body and one unregistered motor vehicle on each lot.

The latest date by which all this work was to be completed was November 4, 1977.

On November 21, 1977, the court found Keiser in contempt of all orders of the court and indicated he could purge himself by completing items 2, 3, and 4 of the October 4 order.

On December 15, 1977, the court found Keiser had not purged himself of contempt and granted Hopkinton permission to remove all debris, excluding motor vehicles, from lots 44 and 46.

On January 9, February 16, and March 7, 1978, the court held hearings regarding Keiser's motor vehicles. Ultimately Keiser was found in contempt for maintaining unregistered motor vehicles on lots 44 and 46. He was allowed to purge himself of contempt by removing the motor vehicles by March 13, 1978.

On March 21, 1978, Keiser was found in contempt for failing to remove the motor vehicles as set forth in the order of October 4, 1977, and Hopkinton was given authority to remove the motor vehicles.

On March 28, 1978, Keiser filed a motion for relief from the order alleging that the November 21, 1977 order mistakenly used the term "orders" as opposed to "order" with respect to allowing plaintiff to perform his obligations, and that the December 15, 1977 order was not confined to the findings of the November 4, 1977 decision. This motion was denied on April 21, 1978.

On May 1, 1978, Keiser appealed to this court.

On May 4, 1978, this court issued a stay pending disposition of Keiser's appeal.

The defendant is appealing from the denial of his motion for relief filed pursuant to Super. R. Civ. P. 60(b)(1). He raises two issues.

First, he contends that the November 21, 1977 order was

written incorrectly. He contends that this order should have only referred to the October 4, 1977 order and not to both the October 4, 1977 and April 6, 1976 orders.

Second, defendant contends that the December 15, 1977 order was incorrect. Again, Keiser contends that the December 15, 1977 order should have been limited to the October 4, 1977 order.

Both of these issues must be examined pursuant to Super. R. Civ. P. 60(b). The applicable provisions of this rule state:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."

This provision is applicable even when the mistake alleged is one made by the judge. 1 Kent, *R.I. Civ. Prac.*, §60.3 at 452 (1969). However,

> "* * * judicial error of the trial judge, as contrasted with mechanical error, cannot be corrected under this rule, for it would constitute use of the rule as a substitute for an appeal or for a motion for a new trial, which in Rhode Island may not be addressed to the trial court on account of its own error."

In addition, it is necessary to examine these issues pursuant to the standard of review for the denial of a motion for relief from an order for mistake as detailed in *In re Julie*, 114 R.I. 419, 334 A.2d 212 (1975). In that case, the court stated that the determination of the trial court will be disturbed only if it is determined that the trial justice abused his discretion or made his determination on an erroneous reading of the law.

In the context of these parameters, we consider the two issues defendant raises on appeal. In regard to the first issue, an examination of the contents of the November 21, 1977 order is necessary. The November 21, 1977 order states that:

528

1) defendant is in willful contempt of the *orders* of the court,

2) defendant may purge himself of contempt by complying with the October 4, 1977 order, and

3) if defendant does not comply with the October 4, 1977 order, he will be subject to incarceration and/or Hopkinton can perform the obligations under the *orders* of the court.

Mr. Keiser claims on the basis of a statement of the trial justice at the November 4, 1977 hearing that the word "orders" was erroneously substituted for the word "order" in item 3 of the November 21, 1977 order.

First, since defendant's claim is based on a statement made at the November 4, 1977 hearing for which no transcript has been submitted, this court cannot consider that statement. *State* v. *Jennings*, 117 R.I. 291, 294, 366 A.2d 543, 545 (1976). Second, in examining the entire record, we find no abuse of discretion in regard to the denial of the Rule 60(b)(1) motion. Given the facts that plaintiff was seeking to have both lots 44 and 46 cleared at the November 4 hearing, that lot 46 was apparently as cluttered with debris and vehicles as lot 44, and that defendant had already been ordered to clean both lots and has not done so in over two and a half years, the trial justice could certainly have concluded that (1) Hopkinton should be allowed to clean both lots, and (2) in construing his November 21, 1977 order that he did mean to refer to both the April 6, 1976 and October 4, 1977 orders. This conclusion is further substantiated by the fact that the November 21, 1977 order did hold defendant in contempt of the *orders* of the court. The defendant did not appeal this holding. Thus, this court finds that defendant's motion for relief from the order was properly denied.

The allegation that the December 15, 1977 order repeated the mistake made in the November 21, 1977 order and was not limited to the October 4, 1977 order is clearly not a mechanical error as contemplated by Super. R. Civ. P. 60(b). Thus, we conclude that by raising this issue, the defendant is

merely attempting to circumvent the time limits of appeal. Consequently, this court will not entertain this second issue. *Yankee Investments, Inc.* v. *Efco Mfg. Inc.*, 101 R.I. 602, 606, 225 A.2d 793, 796 (1967).

The appeal is denied and dismissed, the orders appealed from are sustained, the stay heretofore entered is vacated, and the case is remanded to the Superior Court for further proceedings.

*Frank J. Williams*, Town Solicitor, *Dean N. Temkin*, Special Counsel, for plaintiff.

*Clayton J. Keiser*, pro se.