David **FRIEDMAN** et al.,

v.

**LEE PARE & ASSOCIATES, INC.,** et al.

No. 89–505–Appeal.

Supreme Court of Rhode Island.

July 2, 1991.

Elizabeth M. Fahey and Kimberly M. Saillant, Morrison, Mahoney & Miller, Providence, for plaintiffs.

Paul V. Reynolds, Boyer, Reynolds & DeMarco Ltd., Providence, for defendant Alliance Machine Co.

Holly R. Rao, Olenn & Penza, Warwick, for defendant Bickerton Iron Works, Inc.

## OPINION

MURRAY, Justice.

The plaintiffs[1] appeal from the grant of summary judgment to the defendants Bickerton Iron Works, Inc. (Bickerton), and Alliance Machine Company (Alliance). For the reasoning that follows, we dismiss the appeal as untimely.

### Bickerton

■ Final judgment under Rule 54(b) of the Superior Court Rules of Civil Procedure was entered for Bickerton on July 20, 1989.[2] Thus plaintiffs' twenty-day appeal period under Rule 4(a)[3] of the Supreme Court Rules of Appellate Procedure began on July 20, and ended on August 9. At the beginning of September plaintiffs moved for a thirty-day extension to file an appeal, as allowed under Rule 4(a). Thirty days from August 9 is September 8.

■ The plaintiffs' motion was heard on September 7. The motion calendar justice declined to rule on the motion at that time, stating that to grant a thirty-day extension under Rule 4(a), he had to consider the likelihood of success and thus the merits of the case. Clearly this was error since the standard query for granting a Rule 4(a) extension is whether there is excusable neglect for failing to appeal in a timely fashion. In any event the motion justice continued the hearing so that the justice who granted summary judgment could consider the extension motion. The plaintiffs' counsel objected to continuing the matter because a continuance would leave the motion undecided as of September 8, the last possible appeal date.

On September 12 the justice who granted summary judgment found excusable neglect under Rule 4(a) and granted a thirty-day extension. His order was signed nunc pro tunc to September 7. The plaintiffs filed their appeal September 12.

We hold that the trial justice had no authority to grant a Rule 4(a) extension nunc pro tunc. We recognize that plaintiffs attempted to have their motion decided before September 8, the last possible appeal day. Nevertheless, the trial justice was without authority to nunc pro tunc his extension on September 12. We expressly

---

1. The plaintiffs are David Friedman, Lawrence Friedman, and Lawrence Carrera (as partners of Crane Associates of Providence), and the city of Providence, Rhode Island.

2. The Superior Court justice signed the Rule 54(b) final judgment on July 19, 1989. However, the Superior Court clerk did not sign the judgment until July 20. Accordingly, under Rule 58(a) of the Superior Court Rules of Civil Procedure judgment entered on July 20, not on July 19 as the parties state.

 In addition, the parties and the Superior Court justice have overlooked the fact that summary judgment was not entered in Bickerton's favor until July 25, a date subsequent to the entry of final judgment. Since the record does not reflect any argument on the premature recording of the Rule 54(b) final judgment, we do not address the problem. We proceed on the assumption that judgment entered on July 20.

3. Rule 4(a) of the Supreme Court Rules of Appellate Procedure states in relevant part:

 "Appeal—When taken.—(a) *Appeals in Civil Cases*. In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within twenty (20) days of the date of the entry of the judgment, order, or decree appealed from * * * .

 "A judgment, order, or decree is entered within the meaning of this subdivision when it is set forth and signed by the clerk of the trial court in accordance with the applicable rules of the trial court.

 "Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty (30) days from the expiration of the original time prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

 *See also Supreme Court Rule* 20(a) (the date of an act after which a designated period begins to run is not included in calculating time; thus, the first day of the twenty-day appeal period is July 21).

decline to follow the Federal Court practice which allows timely filed extension motions to be considered and granted after the appeal time has passed.[4]

### Alliance

With respect to Alliance, summary judgment was entered in its favor on July 25, 1989. On that same day, final judgment was also entered under Rule 54(b). Thus plaintiffs' twenty-day appeal period under Rule 4(a) began on July 25 and ended on August 14. At the end of August plaintiffs moved for a thirty-day extension to file an appeal, as allowed under Rule 4(a). Thirty days from August 14 is September 13.

The basis of plaintiffs' Rule 4(a) motion to extend was that lead counsel had sudden, unexpected medical problems beginning on or about July 23 and ending August 28. Surgery occurred on August 18. A Superior Court justice granted a thirty-day extension on September 12 after finding excusable neglect by plaintiffs' counsel. The plaintiffs appealed the same day.

 This court will review the Superior Court's excusable-neglect determination for abuse of discretion. *See Cuevas v. Reading & Bates Corp.*, 770 F.2d 1371, 1377 (5th Cir.1985); *Meza v. Washington State Dept of Social and Health Services*, 683 F.2d 314, 315 (9th Cir.1982). In the instant case it was abuse of discretion to grant an extension. The plaintiffs' lead counsel is not licensed to practice law in Rhode Island. She never made a Superior Court motion to practice as a nonresident attorney (that is, a pro hac vice motion) under Rule 40 of the Supreme Court Rules. Under Rule 40 a member of the Rhode Island bar must sign all "papers filed with the court and assume full responsibility for them and for the conduct of the cause and

of the attorney to whom such privilege is accorded." Although many of the papers filed in this case bear the typewritten names of lead counsel and a Rhode Island attorney in her firm, lead counsel signed most of the papers.

In any event, even if we assume that lead counsel complied with Rule 40, that Rule clearly states that the Rhode Island attorney with whom lead counsel had associated herself bears full responsibility for the conduct of this appeal. Whatever may be the medical disability of lead counsel, the Rhode Island attorney was in good health. There is no evidence on the record to indicate excusable neglect for the Rhode Island attorney's not timely filing the appeal. Accordingly the trial justice abused his discretion in finding excusable neglect.

The plaintiffs' appeal is denied and dismissed as untimely. The papers of the case are remanded to the Superior Court.

---

**4.** The advisory committee notes on the 1979 amendments to Rule 4(a)(5) of the Federal Rules of Appellate Procedure explain

"[A] motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time, and that if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days mea-

sured from the date on which the order granting the motion is entered."

*See also Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1256–57 (10th Cir.1990) (District Court may grant motion to extend even though the time for appeal has passed, provided that the motion was filed prior to expiration of appeal period); *Melton v. Frank*, 891 F.2d 1054, 1056 (2d Cir.1989) (same).