Donna SAMUELIAN

v.

TOWN OF COVENTRY.

No. 97–137–A.

Supreme Court of Rhode Island.

Sept. 19, 1997.

Rosalina Hunt.

Peter Mathieu, Melody Alger, Providence.

## ORDER

The plaintiff, Donna Samuelian, has appealed from an entry of summary judgment in favor of the defendant, Town of Coventry. The trial court granted summary judgment after determining that Rhode Island's loss of consortium statute, G.L.1956 § 9–1–41, as amended by P.L.1988, ch. 544, § 1, does not authorize plaintiff's claim for damages she incurred as the result of an automobile accident in which her same-sex, cohabiting companion was injured. Because we find that plaintiff's appeal is untimely by reason of its being filed after the expiration of the appeals period, we will dispense with a recitation of the facts underlying plaintiff's claim.

The record discloses that summary judgment was entered against the plaintiff on April 8, 1996. Pursuant to Rule 4 of the Supreme Court Rules of Appellate Procedure, plaintiff was required to file her notice of appeal within 20 days of the entry of judgment. Contemplating an appeal and represented at that time by counsel, plaintiff filed a motion to proceed on appeal *in forma pauperis*. This motion was granted on April 22, 1996, leaving six days remaining to file her appeal. However, no action was taken on this appeal until May 24, 1996 when the plaintiff, now acting *pro se*, filed a motion to enlarge the time allowed for the filing of an appeal. This motion was heard and granted by a justice of the Superior Court on June 10, 1996. Although no order relating to this motion is included in the lower court record, the Superior Court docket contains the notation, "plaintiff has 1 month to file." Exactly one month later, on July 10, 1996, new counsel for plaintiff entered her appearance and filed a notice of appeal.

After a careful review of the record and the memoranda submitted by the parties, we conclude that plaintiff's appeal is untimely and for that reason must be dismissed. The case of *Friedman v. Lee Pare & Associates, Inc.*, 593 A.2d 1354 (R.I.1991), is controlling. There, the defendants were granted summary judgment, with final judgment entered on July 20, 1989. *Id.* at 1355. This court determined that plaintiffs' 20–day appeal period began on July 20 and ended on August 9, 1989. In early September, plaintiffs moved for a 30–day extension to file their appeal, pursuant to Rule 4(a) of the Rhode Island Rules of Appellate Procedure. Rule 4(a) reads, in pertinent part:

> Upon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party *for a period not to exceed thirty (30) days from the expiration of the original time prescribed by this subdivision.* Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired.... (emphasis added).

Under this provision the latest the plaintiffs in *Friedman* could have filed their appeal would have been September 8th. The motion to extend the appeal period was heard on September 7th; however, the motion justice continued the matter notwithstanding plaintiffs' objection that the motion would become a nullity after September 8th. *Id.* On September 12th, the motion justice granted the motion, *nunc pro tunc* to September 7th. In reviewing these events, this court held that the motion justice had no authority to grant a Rule 4(a) extension *nunc pro tunc.* *Id.* Additionally, although this court recognized that the plaintiffs had attempted to have their motion for an extension decided prior to the September 8th deadline, we held that the extension granted on September 12th was in error and dismissed the appeal as untimely. *Id.* at 1356.

In the instant case, plaintiff's 20–day appeal period began on April 8, 1996 and ended on April 28, 1996. Plaintiff's 30–day extension would have expired on May 28th. Under *Friedman*, the motion for an extension would have had to have been granted by the May 28th expiration, regardless of when it was filed. It was not.

Although plaintiff points out that she was acting *pro se* in filing the motion to extend, and that it was the court clerk who assigned the motion for hearing past the May 28th deadline, we have stated that "[e]ven if a litigant is acting *pro se*, he or she is expected to familiarize himself or herself with the law as well as the rules of procedure." *Faerber*

*v. Cavanagh,* 568 A.2d 326, 330 (R.I.1990). We also point out that while we encourage the court clerks to be helpful to litigants and their attorneys, we neither require nor expect them to detect procedural defects.

For the foregoing reasons, the plaintiff's appeal is denied and dismissed, the judgment is affirmed, and the papers are remanded to the Superior Court.