**Leon A. BLAIS**

v.

**The BEACON MUTUAL INSURANCE COMPANY.**

**No. 2001–226–Appeal.**

Supreme Court of Rhode Island.

Dec. 2, 2002.

Leon A. Blias.

**ORDER**

This case came before the Supreme Court on November 6, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

On April 23, 1998, the plaintiff, Leon Blais (plaintiff), filed a request for records of the defendant, The Beacon Mutual Insurance Company (Beacon), pursuant to chapter 2 of title 38 of the General Laws, entitled Access to Public Records Act (Act). Beacon complied with certain requests, but would not accede to the request to produce information regarding "all vendors, including but not limited to attorneys and consultants."[1] On March 8, 1999, plaintiff, a member of the bar of the Commonwealth of Massachusetts appearing *pro se*, sought declaratory and injunctive relief and damages in the Superior Court, claiming a right to the requested information under the Act. Beacon asserted that it was not a public agency pursuant to § 38–2–2(1), and therefore not subject to the public inspection requirements of § 38–2–3(a).

Beacon is a non-profit public corporation created in December 1990 by legislative charter pursuant to chapter 7.2 of title 27 of the General Laws entitled "Workers' Compensation Insurance Fund." Originally referred to as the state compensation insurance fund, its name was changed in

1. Information taken from the "Agreed Statement of Facts" filed with the Superior Court on September 15, 2000.

1992 to The Beacon Mutual Insurance Company. Beacon was created by the Legislature as part of a comprehensive response to problems in the state's workers' compensation insurance scheme. *See Lombardo v. Atkinson–Kiewit,* 746 A.2d 679 (R.I.2000)

The trial justice carefully examined the statute under which Beacon was formed and noted that G.L.1956 § 27–7.2–16 clearly provides that, "the fund shall not be considered a state agency for *any* purpose." (Emphasis added). Additionally, § 27–7.2–14 states in part, "the money of the fund is not state money. The property of the fund is not state property. The employees of the fund shall not be considered state employees." The trial justice found the intent of the Legislature in enacting Beacon's charter to be clearly expressed; he concluded that plaintiff was unable to demonstrate that the fund acts on behalf of any public agency. Therefore, the trial justice found that Beacon is not subject to the provisions of the Act.

Before reaching the merits of this case, it is necessary to determine whether this appeal is timely.[2] In his decision, the trial justice directed defendant to prepare a judgment and file it with the clerk. The defendant did so and on May 14, 2001, a judgment was entered and signed by the clerk, in compliance with Rule 58(a) of the Superior Court Rules of Civil Procedure. The defendant filed a second, identical judgment on May 16, 2001, which was also signed by the trial justice and entered by the clerk. Finally, a third, identical judgment was entered on May 24, 2001. There is no indication in the record why three separate judgments were entered in this case. However, it is apparent that the initial judgment dated May 14, 2001, was properly entered and filed and the 20–day appeal period set forth in Rule 4 of the Supreme Court Rules of Appellate Procedure commenced on that date. On June 5, 2001, the plaintiff filed his notice of appeal 22–days later, thus rendering the appeal untimely.

This Court has clearly held that "the twenty-day appeal time commenced to run from the first day following the day when the first *valid* appealable order was entered." *Kay v. Menard,* 727 A.2d 665, 666 (R.I.1999) (citing Article I, Rules 4(a) and 20(a) of the Supreme Court Rules of Appellate Procedure) (emphasis in the original). Further, we have ruled that the time specified in the rule is mandatory, and that "once the prescribed time has passed there can be no review by way of appeal." *Millman v. Millman,* 723 A.2d 1118, 1119 (R.I. 1999). It is incumbent upon the party intending to appeal to be watchful for the entry of a valid judgment. "The judgment is effective and deemed entered when so prepared and signed by the clerk." *Kay v. Menard,* 727 A.2d at 666. As a result, plaintiff's appeal is not timely and is dismissed.

We are satisfied, however, that were we to reach the merits in this case, the decision would be upheld. In light of the clear language and purpose of the statute under which Beacon was chartered, a fair reading of G.L.1956 § 27–7.2–16 reveals that Beacon is not a public body or agency and is not subject to the provisions of the Act. For these reasons, we affirm the judgment entered May 14, 2001, and deny and dismiss plaintiff's appeal.

---

**2.** On October 22, 2002, this Court issued a supplemental order directing the parties to address, at oral argument, whether this appeal was timely filed in accordance with Rules 3 and 4 of the Supreme Court Rules of Appellate Procedure.