DECISION
Before this Court is Emergency Access Systems, Inc's (Plaintiff) motion to dismiss or strike the notice of appeal of Knox Associates, Inc., d/b/a The Knox Company (Defendant). Defendant has filed an objection to said motion. Defendant's motion to approve bond, to which Plaintiff objects, is also before this Court.
 FACTS/TRAVEL
On October 22, 2002, a Superior Court jury returned a verdict awarding Plaintiff $256,000.00, plus interests and costs, on its breach of contract claim against Defendant. Judgment was entered on that same day; however, on October 23, 2002, a revised judgment, which reflected the proper party Defendant, was entered. On November 4, 2002, Defendant filed a motion for judgment or, alternatively, for a new trial, pursuant to Super. R.Civ.P. 50(b) and 59. Plaintiff, also on November 4, 2002, filed a motion for additur or to amend the judgment, pursuant to Super. R.Civ.P. 50 and 59.
At a hearing held November 22, 2002, this Court heard oral arguments and denied both motions. On that same day, the Clerk of the Superior Court entered an order stating that Defendant's motion for new trial judgment had been denied. However, the Clerk did not enter an order indicating that Plaintiff's motion for additur had been denied. On December 4, 2002, counsel for Defendant sent a letter to the Deputy Clerk to confirm that an order had not yet been entered as to Plaintiff's motion. Counsel stated in that letter: "[g]iven our need to determine the commencement of the appeal period, we will be grateful if you could notify us when the Court enters the Order on Plaintiff's Motion to Amend the Judgment." (December 4, 2002 letter from Robert M. Duffy, Esq. to Carol Szymanski.) The Clerk entered an order on December 4, 2002, which denied the motions of Plaintiff and Defendant.
On December 24, 2002, within twenty days of the December 4, 2002 order, Defendant filed a notice of appeal. Defendant, also on December 24, 2002, filed a motion to approve a supersedeas bond, pursuant to Super. R. Civ. P 62(d). After being granted an extension of time to object, Plaintiff, on January 17, 2003, filed an objection to Defendant's motion to approve a bond. On the same day, Plaintiff also filed a motion to dismiss or to strike Defendant's notice of appeal.
 MOTION TO DISMISS OR STRIKE DEFENDANT'S NOTICE OF APPEAL
In the instant case, this Court is first asked to decide whether Defendant's notice of appeal was timely. Pursuant to Rule 4(a) of the Supreme Court Rules of Appellate Procedure, the period allowed for filing a notice of appeal is twenty days. "This rule is mandatory, and once the prescribed time has passed there can be no review by way of appeal." Binav. Bina, 764 A.2d 191, 192 (R.I. 2000). However, Rule 4(a) provides for the tolling of the time for an appeal.
Rule 4(a) provides in pertinent part:
 "The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the Superior Court by any party pursuant to the Rules of Civil Procedure of the Superior Court hereafter enumerated in this sentence . . . and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of any of the following orders . . . made upon a timely motion under such rules: (1) granting or denying a reserve motion under Rule 50(b); (2) granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) granting or denying a motion under Rule 59 to alter or amend the judgment; or (4) granting or denying a motion for a new trial under Rule 59."
Plaintiff argues that Defendant's notice of appeal is untimely under Rule 4(a). According to Plaintiff, as an order was entered on Defendant's motion for a new trial on November 22, 2002, and an order was entered on Plaintiff's motion for additur on December 4, 2002, Rule 4(a) requires the time for appeal to be measured from November 22, 2002 — the date of the first properly entered order. Since Defendant's notice of appeal, filed December 24, 2002, was filed more than twenty days after November 22, 2002, Plaintiff argues that Defendant's notice of appeal should be dismissed. Plaintiff relies upon Kay v. Menard, 727 A.2d 665
(R.I. 1999) for the proposition that pursuant to Rule 4(a), the appeal period begins to run from the entry of the first appealable order. However, Defendant argues that Plaintiff's reading of Kay is misplaced.
After a careful reading of Kay, this Court finds that Plaintiff may not rely upon Kay for the proposition that where multiple, enumerated post-judgment motions have been filed, the appeal period commences from the entry of the order which disposes of the first pending post-judgment motion. In Kay, the plaintiff and defendant both filed enumerated post-judgment motions, and after the trial justice denied the motions, the clerk entered orders reciting that the motions had been denied. See id.
at 665. However, the defendant prepared another order, claiming that he did not receive notice of the order prepared and entered by the clerk.See id. at 666. The clerk entered the order prepared by the defendant, and thus two identical orders existed as to the defendant's motion. Seeid. Kay's recitation of the facts does not specify when the clerk entered the order denying plaintiff's motion; however, Kay explicitly stated that it was not considering the order denying the plaintiff's motion. See id.
(stating "we concern ourselves only with the clerk's May 28, 1997 order pertaining to the denial of the defendant's motion for new trial"). Rather, Kay considered only the identical orders denying the defendant's motion. Since "there existed two separate identical orders in this case file, each reflecting the trial justice's denial of the defendant's motion for a new trial," Kay considered the question: "[f]rom which order did the twenty-day appeal time commence to run?" Id. Kay answered that question by stating that "the twenty-day appeal time commenced to run from the first day following the day when the first valid appealable order was entered." Id. Thus, the holding of Kay was limited to a determination of which of the two identical orders denying defendant's motion triggered the appeal period. However, the instant case does not involve identical orders, but rather involves two different orders entered upon two different post-judgment motions. Accordingly, since Kay
did not consider the issue presented to this Court, Plaintiff may not rely upon Kay for support of its interpretation of Rule 4(a).
Defendant argues that its notice of appeal was timely since it interprets Rule 4(a) as tolling the appeal period as long as any party's enumerated post-judgment motion is pending. Defendant cites to the Reporter's Notes to Rule 4 which state that "[s]ubdivision (a) [of Rule 4] follows closely Federal Appellate Rule 4(a)." Thus, Defendant urges this Court to look to Rule 4(a)(4)(B)(ii) of the Federal Rules of Appellate Procedure, which provides that the time for an appeal is "measured from the entry of the order disposing of the last such remaining [post-judgment] motion."
Our Supreme Court has held that "where the Federal rule and our state rule are substantially similar, we will look to the Federal courts for guidance or interpretation of our own rule." Heal v. Heal, 762 A.2d 463, 466-67 (R.I. 2000). Thus, since our state Rule 4(a) closely follows the federal Rule 4(a), this Court looks to the federal rule for guidance in interpreting our state rule. This Court notes that an interpretation of our state Rule 4(a), comporting with the federal Rule 4(a), is consistent with our policy against piecemeal appeals. See Eidam v. Eidam,108 R.I. 673, 680; 279 A.2d 413, 417 (1971) (holding that "[i]t is the settled rule that a litigant may not obtain a piecemeal review of his case by this [Rhode Island Supreme] court.") Conversely, Plaintiff's interpretation of Rule 4(a) would result in piecemeal appeals.[1]
Accordingly, this Court rejects Plaintiff's purported plain reading of Rule 4(a) since it defeats our policy against piecemeal appeals. SeeCranston Teachers Ass'n v. Cranston Sch. Comm., 424 A.2d 648, 650 (1981) (stating that a literal reading of a statute should be abandoned "when such a reading would lead to an absurd result or defeat an obvious legislative purpose"). Instead this Court interprets Rule 4(a) consistently with the federal rule and our policy against piecemeal appeals. Hence, in the instant case, this Court finds that the time for appeal is to be computed from December 4, 2002 — the date of the entry of the order disposing of the last post-judgment motion.
Alternatively, this Court finds that a plain reading of Rule 4(a) also supports this Court's holding that the time for appeal is to be computed from the December 4, 2002 order denying Plaintiff's motion for additur. This Court is mindful of Plaintiff's argument that Rule 4(a) does not explicitly specify that the time for appeal should be measured from the entry of the order disposing of the last remaining enumerated post-judgment motion, and thus Rule 4(a) should not be so interpreted. However, Plaintiff's interpretation would require this Court to read Rule 4(a) as requiring the time for appeal to be measured from the entry of the order which disposes of the first pending enumerated post-judgment motion. This Court notes that Rule 4(a) does not explicitly state that the time for an appeal should be measured from the entry of the order disposing of the first pending enumerated post-judgment motion any more than it explicitly states that the time for an appeal should be measured from the entry of the order disposing of the last remaining enumerated post trial motion. Rather, Rule 4(a) states that the time for an appeal "commences to run and is to be computed from the entry of any of the following orders" granting or denying an enumerated post-judgment motion. Since Plaintiff's motion for additur is one of the enumerated motions, this Court holds that based upon the plain language of the statute, the time for appeal may be measured from the entry of the order denying Plaintiff's motion for additur.
Based on the above, this Court finds that Defendant's notice of appeal was timely since it was filed within twenty days of the December 4, 2002 order denying Plaintiff's motion for additur. Accordingly, Plaintiff's motion to dismiss or strike Defendant's notice of appeal is denied.
 MOTION TO APPROVE BOND
This Court must next decide whether or not to approve Defendant's proposed supersedeas bond and grant Defendant a stay. Rule 62(d) of the Superior Court Rules of Civil Procedure provides in pertinent part:
 "When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court."
The Rhode Island Supreme Court has held the "court ordinarily should require the appellant to post a bond in an amount that will be sufficientto satisfy the judgment in full, together with costs, interest, anddamages for delay, if for any reason the appeal is dismissed or the judgment is affirmed." Nunes v. Meadowbrook Dev. Co., 807 A.2d 943, 943 n. 1 (R.I. 2002) (emphasis added).
Defendants have requested this Court to approve a supersedeas bond in the amount of $311,599.32 — the amount of the judgment, plus pre-trial interest and costs. Plaintiff has objected to the amount of the bond as insufficient since it does not include post-judgment interest. Defendant responds that Rule 62(d) does not require post-judgment interest. Furthermore, Defendant interprets Nunes as requiring pre-trial interest, not post trial interest.
Rule 62(d) the Superior Court Rules of Civil Procedure is consistent with Rule 62(d) of the Federal Rules of Civil Procedure. Again, this Court looks to the federal courts for guidance in this matter. SeeAstro-Med, Inc. v. R. Moroz, Ltd., 811 A.2d 1154, 1156 (R.I. 2002) (holding that where the language of a state rule is similar to that of a federal rule, "this Court may properly look to a federal court interpretation of the analogous federal rule for guidance in applying our own state's rule"). Federal courts have held that a supersedeas bond should ordinarily include post-judgment interest since the purpose of a supersedeas bond is to guarantee that the appellee will be able to obtain satisfaction of the judgment if the appellant is unsuccessful on appeal.See e.g. Brinn v. Tidewater Transp. Dist. Comm'n, 113 F. Supp.2d 935, 939 (E.D.Va. 2000) (holding that the "court may order that the bond posted in connection with an appeal be sufficient to cover the judgment and post-judgment interest and costs"); North River Ins. Co. v. Greater N.Y.Mut. Ins. Co., 895 F. Supp. 83, 84 (E.D.Pa. 1995) (holding that "in the normal course, a stay should be granted if a supersedeas bond includes the amount of the judgment as well as post-judgment interest, and, if recoverable, counsel fees"); United States v. Mansion House CenterRedevelopment Co., 682 F. Supp. 446, 449 n. 5 (E.D.Mo. 1988) (holding that one of the purposes of a supersedeas bond is to guarantee that the "appellee can recover the interest that accrues on the judgment during the appeal"). Although this Court has the discretion to set the bond in an amount less than an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay, "the court should exercise the discretion to require less than a full supersedeas bond only in `extraordinary circumstances.'" Schreiber v.Kellogg, 839 F. Supp. 1157, 1159 (E.D.Pa. 1993) (citations omitted). The moving party has the burden of "demonstrating the reasons why the court should depart from the usual requirement of a full security supersedeas bond." Cayuga Indian Nation of N.Y. v. Pataki, 188 F. Supp.2d 223, 255 (N.D.N.Y 2002). In the instant case, Defendant has not demonstrated to this Court why this Court should not require it to post a full supersedeas bond. Accordingly, in order to obtain a stay, Defendant must post a supersedeas bond in an amount that includes the judgment, plus pre-judgment interest, costs, and post-judgment interest.
 CONCLUSION
This Court finds that Defendant's notice of appeal was timely. Thus, Plaintiff's motion to dismiss or strike Defendant's notice of appeal is denied. This Court also finds that the supersedeas bond proposed by Defendant is insufficient, since it does not fully protect Plaintiff for the additional amounts of interest to which it will be entitled if Defendant's appeal is unsuccessful. Thus, this Court denies Defendant's motion to approve bond until such time as it is amended to include post-judgment interest.
Counsel shall submit the appropriate order for entry.
[1] For example, consider a situation in which a plaintiff has filed a motion for additur and a defendant has filed a motion for a new trial, and an order denying defendant's motion for a new trial is not entered until several months after the entry of the order granting the plaintiffs motion for additur. In these circumstances, Plaintiff's interpretation of Rule 4(a) would require the defendant to file an appeal within 20 days of the order granting the motion for additur, and then file another appeal of the order which denied the motion for a new trial.