April 11, 2019

**Supreme Court**

No. 2017-26-Appeal.
No. 2017-135-Appeal.
(PC 16-1113)
(Dissent begins on page 18)

Family Dollar Stores of Rhode Island, Inc.  :

v.  :

Justin B. Araujo et al.  :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2017-26-Appeal.
No. 2017-135-Appeal.
(PC 16-1113)
(Dissent begins on page 18)

Family Dollar Stores of Rhode Island, Inc.   :

v.            :

Justin B. Araujo et al.         :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Robinson, for the Court.** The plaintiff, Family Dollar Stores of Rhode Island, Inc. (Family Dollar), appeals from a September 20, 2016 judgment entered in Providence County Superior Court in favor of the defendants, Justin B. Araujo and the Rhode Island Commission for Human Rights (the Commission), following an August 16, 2016 bench decision dismissing Family Dollar's case without prejudice.  Family Dollar argues on appeal that the hearing justice erred in dismissing its case because, as it contends, "the dispute involved declaratory relief related to the enforcement of a contract" and that, therefore, "the Superior Court was the correct forum for the dispute."

Both defendants cross-appeal from a November 9, 2016 order granting Family Dollar's emergency motion for a thirty-day extension of time within which to file its notice of appeal. The defendants contend on appeal that "the Superior Court erred in granting Family Dollar's motion for extension of time" for the following reasons: (1) "Family Dollar did not make the

requisite showing of excusable neglect;" and (2) "the equities did not favor granting Family Dollar's motion for extension because Family Dollar would not suffer prejudice by a denial of [that motion]."

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that these appeals may be decided at this time.

For the reasons set forth in this opinion, we vacate the September 20, 2016 judgment of the Superior Court. With respect to the cross-appeal, we affirm the November 9, 2016 order of the Superior Court.

## I

## Facts and Travel

The sequence of events which forms the basis of this action is not in dispute to any significant degree. In setting forth those events, we rely on the August 16, 2016 and November 9, 2016 bench decisions of the hearing justice and other documents contained in the record before this Court.

According to Family Dollar's complaint, it hired Mr. Araujo on or about June 12, 2007 as a Customer Service Representative/Clerk. Family Dollar states in its memorandum submitted pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure that Mr. Araujo was employed with Family Dollar until February 12, 2014. On September 23, 2014, Mr. Araujo and Family Dollar entered into a settlement agreement to resolve a workers'

compensation claim that had been filed by Mr. Araujo. That settlement agreement included the following very pertinent release language:

> "This release waives any other claims I could make against my employer, its agents, assigns, or successors, including, but not limited to, claims under the Americans with Disabilities Act, claims with the Rhode Island Governor's Commission on the Handicapped, Rhode Island Commission for Human Rights, Equal Employment Opportunity Commission, FETA, United States Department of Labor, United States Department of Justice, Workers' Compensation Court, or any other agencies, tribunals, commissions, or courts."

As consideration for executing the settlement agreement, which includes the just-quoted release, Family Dollar paid Mr. Araujo the sum of twenty thousand dollars.

On November 28, 2014, Mr. Araujo filed a charge of discrimination with the Rhode Island Commission for Human Rights and the United States Equal Employment Opportunity Commission, in which he alleged that Family Dollar discriminated against him on the basis of a disability. (The defendants acknowledge that the focus or gravamen of that charge of discrimination was unrelated to the injury that was the subject of Mr. Araujo's workers' compensation claim that Mr. Araujo and Family Dollar settled, as described above.) That charge alleged that the final discriminatory act occurred on February 12, 2014—*i.e.*, *before* Mr. Araujo signed the above-quoted release. On July 31, 2015, the Commission issued a finding of probable cause that Family Dollar and its district manager had engaged in disability discrimination in violation of the Rhode Island Fair Employment Practices Act and the Civil Rights of People with Disabilities Act.

In accordance with G.L. 1956 § 28-5-24.1(c), Family Dollar was then afforded the option of having the matter adjudicated in Superior Court, but it declined to pursue that course of action.

Subsequently, on December 30, 2015, the Commission issued a complaint, and a hearing was scheduled. That hearing was later continued.

On March 10, 2016, Family Dollar filed its complaint seeking a declaratory judgment to the effect that the parties had entered into a valid and enforceable settlement agreement releasing Family Dollar from the claims that Mr. Araujo asserted against it in his charge before the Commission and also alleging breach of contract. On April 15, 2016, Mr. Araujo filed a motion to dismiss the declaratory judgment and breach of contract action in Superior Court pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. Thereafter, on April 22, 2016, the Commission moved to intervene in the case pursuant to Rule 24 of the Superior Court Rules of Civil Procedure. That motion was ultimately granted, and the Commission was added as an additional party to the case. On May 26, 2016, the Commission also filed a motion to dismiss the case. As the hearing justice so succinctly put it, defendants contended in their motions to dismiss that it would be "improper for the Court to exercise * * * jurisdiction in this case while the underlying matter at the center of the dispute is pending before the Commission;" indeed, the hearing justice stated that defendants were contending that "Family Dollar declined to have the matter adjudicated in the Superior Court * * * [and] must now exhaust its administrative remedies before seeking relief in court." On July 12, 2016, a hearing was held on those motions to dismiss.

Subsequent to that July 12, 2016 hearing, the hearing justice issued a bench decision on August 16, 2016. In that decision, he noted that the release contained in the settlement agreement between Family Dollar and Mr. Araujo could be asserted as a defense before the Commission and that the Commission had "looked at similar releases in many, many cases * * *." He then pointed to the fact that, once the Commission had passed upon the validity

*vel non* of the release, Family Dollar would have a right to an appeal to the Superior Court. In holding that "the proper forum for determining the validity of the release [was] before the Commission," the hearing justice cited to the potential for inconsistent results from different tribunals, and he added that "Family Dollar must exhaust all administrative remedies before proceeding to [the Superior Court]."

The hearing justice further noted that Family Dollar could have had the matter removed from the Commission to the Superior Court pursuant to § 28-5-24.1(c), but it did not do so. Finally, he opined as follows:

> "Our general tendency, like that of most American courts, has been to require [parties] to stay on the dispute resolution path for which they originally opted until they reach the end of that path. In this case this matter has progressed to the point where there was to be a hearing on this matter. Given that the parties are this far along in the process before the Commission, it is appropriate to require the parties to complete that process."

The hearing justice then granted, without prejudice, defendants' motions to dismiss. That decision was reflected in an order entered on September 20, 2016. A judgment also entered on that same day, entering judgment in favor of defendants and against Family Dollar on all counts of its complaint. It is from that judgment that Family Dollar is appealing.

We next turn our attention to the facts forming the basis of the cross-appeal. Those pertinent facts relate to events occurring after the August 16, 2016 bench decision of the hearing justice. At some point following that bench decision, but prior to September 7, 2016, copies of the order and the judgment reflecting the decision to dismiss Family Dollar's case, both of which were ultimately entered on September 20, 2016, were filed with the court for the hearing justice's review and signature. According to the representations made by Family Dollar's counsel before the Superior Court and before this Court, on September 7, 2016, Family Dollar's

- 5 -

counsel called the court to inquire whether the order and the judgment had been signed by the hearing justice and entered in the docket, and he was told that they were still pending. (Knowing the date of entry of the judgment and order in this case was of special pertinence to Family Dollar because the entry of a final order or judgment triggers the twenty-day period within which a party must file its notice of appeal as provided for in Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure.) Family Dollar's counsel represented, in an affidavit provided to the Superior Court with his eventual motion for an extension of time to file the notice of appeal, that he had contacted the clerk's office on one other occasion in either late September or early October, but that he could not recall the exact date. He further represented to the Superior Court that he then sent an email message to the hearing justice's clerk on October 19, 2016 for the same purpose. It was his representation that he subsequently emailed the hearing justice's clerk again on October 31, 2016 and that that was the first time he was informed that the order and judgment had entered on September 20, 2016. At that point, Family Dollar had missed the twenty-day period in which to appeal the judgment of the Superior Court to this Court.

For that reason, on November 3, 2016, Family Dollar filed an emergency motion for a thirty-day extension of the time within which to file its notice of appeal pursuant to Rule 4(a). A hearing was held on that motion on November 9, 2016.

During that hearing, counsel for Family Dollar argued that his failure to file a notice of appeal on behalf of Family Dollar within the prescribed twenty-day period was the result of excusable neglect due to the fact that he did not know that the judgment he intended to appeal from had been entered on September 20, 2016. He represented that he had received numerous notifications through the Superior Court's electronic filing system in the course of the case but that he had received no such notification when the order and the judgment entered. He

- 6 -

acknowledged that he had eventually come to understand that, "if the Court files something and it's submitted and accepted, I don't get a * * * notification * * *." However, he also noted that this was his first appeal under the new electronic filing system and that his lack of familiarity was not with the rules, but rather with the new electronic filing system.

At the close of the November 9, 2016 hearing, the hearing justice issued a bench decision in which he began by noting that the standard that it was his duty to apply was that of excusable neglect. He then candidly stated that he himself was "not totally familiar and comfortable with the way our electronic filing system deals with the orders and judgments." He went on to expressly state that, in his opinion, Family Dollar's failure to file a timely notice of appeal was due to "a lack of understanding of the process as distinct from a lack of understanding of the rules[.]" The hearing justice further noted that counsel for Family Dollar had contacted his chambers to inquire about the order and the judgment. He additionally stated that this was a case of excusable neglect and that he could excuse counsel "once and once only." He consequently granted Family Dollar's motion filed pursuant to Rule 4(a) for a thirty-day extension of the time within which to file its notice of appeal. An order entered the same day granting Family Dollar's motion and providing that Family Dollar had until the end of that day to file its notice of appeal with respect to the September 20, 2016 judgment of the Superior Court. Family Dollar then proceeded to file its notice of appeal on the same day—November 9, 2016.

The defendants then filed a timely notice of appeal from the November 9, 2016 order granting Family Dollar's emergency motion for an extension of time to file its notice of appeal.

Having summarized the travel of this case thus far, we would reiterate for the sake of clarity that Family Dollar is appealing from the September 20, 2016 judgment in defendants' favor on the underlying issue of whether or not the case should have been dismissed. The

defendants are cross-appealing from the November 9, 2016 order granting Family Dollar's emergency motion for an extension of the time within which to file its notice of appeal.

## II

## Analysis

## A

## The Defendants' Cross-Appeal—Excusable Neglect

Due to the fact that the cross-appeal raises a threshold issue as to whether or not Family Dollar filed a timely notice of appeal, we will begin our analysis by addressing the cross-appeal.

### 1. Standard of Review

As we have previously stated, we "will review the Superior Court's excusable-neglect determination for abuse of discretion." *UAG West Bay AM, LLC v. Cambio*, 987 A.2d 873, 878 (R.I. 2010) (quoting *Friedman v. Lee Pare & Associates, Inc.*, 593 A.2d 1354, 1356 (R.I. 1991)); *see also Boranian v. Richer*, 983 A.2d 834, 837 (R.I. 2009) ("Motions to enlarge time are confided to the sound discretion of the trial justice[;] * * * [t]herefore, this Court reviews such decisions for abuse of discretion or error of law.") (internal quotation marks omitted).

### 2. Discussion

On appeal, defendants contend that "Family Dollar's lack of knowledge of the Superior Court's rules and process relative to the entry and notice of Orders and Judgments cannot constitute excusable neglect as a matter of law." They point out that this Court has stated that ignorance of court rules and court procedures is not a defense. They further aver that, pursuant to Rule 77(d) of the Superior Court Rules of Civil Procedure, Family Dollar should have known of its responsibility "to routinely check the docket for a notation of Order and Judgment entering." It is their contention that "Family Dollar's acts or omissions are outside the course of

- 8 -

conduct a reasonably prudent person would have taken under similar circumstances * * *." Finally, they posit that the "equities did not favor granting Family Dollar's motion for extension because Family Dollar would not suffer prejudice by a denial of the same," especially given the fact that its Superior Court action was dismissed without prejudice.

Pursuant to Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure, a notice of appeal must be filed within twenty days of "the date of the entry of the judgment, order, or decree appealed from * * *." We have likewise stated that "the twenty-day appeal time commence[s] to run from the first day following the day when the first *valid* appealable order was entered." *Blais v. Beacon Mutual Insurance Co.*, 812 A.2d 838, 839 (R.I. 2002) (mem.) (emphasis in original) (internal quotation marks omitted). It is clear in this case that the judgment from which Family Dollar is appealing was entered on September 20, 2016. It is undisputed that Family Dollar did not file its notice of appeal within the prescribed twenty-day window. However, Rule 4(a) also provides that a trial court may extend the time for filing a notice of appeal for a period of up to thirty days "[u]pon a showing of excusable neglect[.]" *See Boranian*, 983 A.2d at 838 ("Relief from a counsel's failure to comply with procedural requirements will not be granted unless it is first factually established that his [or her] neglect was occasioned by some extenuating circumstance of sufficient significance to render it excusable.") (internal quotation marks omitted). As such, with respect to the cross-appeal in this case, we are tasked with reviewing, under the abuse of discretion standard, the hearing justice's ruling that Family Dollar's failure to file its notice of appeal within the twenty-day window was due to excusable neglect.

This Court has defined "excusable neglect" as follows:

> "[a] failure to take the proper steps at the proper time, not in
> consequence of the party's own carelessness, inattention, or willful

- 9 -

disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party." *Duffy v. Estate of Scire*, 111 A.3d 358, 366 (R.I. 2015) (internal quotation marks omitted).

We have further opined that "[e]xcusable neglect that would qualify for relief from judgment is generally that course of conduct that a reasonably prudent person would have taken under similar circumstances." *Boranian*, 983 A.2d at 839 (internal quotation marks omitted). What is more, "[e]xcusable neglect should be interpreted flexibly, because [t]he determination of excusable neglect is at bottom an equitable one, taking account of all relevant circumstances * * *." *Duffy*, 111 A.3d at 366 (internal quotation marks omitted). Some of those circumstances include: "the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Boranian*, 983 A.2d at 839 (internal quotation marks omitted); *see also UAG West Bay AM, LLC*, 987 A.2d at 880.

Turning to the facts of the instant case, after a thorough review of the record and consideration of the parties' contentions on appeal, we are not inclined to second-guess the hearing justice with respect to his conclusion that it appears that the underlying cause of the delay was counsel's lack of familiarity with the electronic filing system and not with the rules. Accordingly, under the circumstances of the instant case and bearing in mind that the electronic filing system was of recent vintage at the time in question,[1] we cannot say that the hearing justice abused his discretion in holding that the delay in filing the notice of appeal was the result of excusable neglect.

---

[1] The amendments to the Superior Court Rules of Civil Procedure which provided for the implementation of the electronic filing system as to civil cases took effect on November 5, 2014. *See* Super. R. Civ. P. 86. The electronic filing system for criminal cases was implemented at a later date. *See* Super. R. Crim. P. 59.

Rule 77(d) of the Superior Court Rules of Civil Procedure provides that "[i]mmediately upon the entry of an order or judgment the clerk shall make a note in the docket. Such notation is sufficient notice for all purposes for which notice of the entry of an order is required by these rules * * *." Pursuant to that rule, the judgment at issue in this case was entered into the docket on the electronic filing system on September 20, 2016; no additional notice was provided (electronically or otherwise) to the parties of that entry. However, Family Dollar's counsel represented that he had received thirty-eight notifications in this case alone from the Superior Court's relatively new electronic filing system and that, accordingly, he had relied on that course of conduct as the basis for his belief that the electronic filing system would similarly notify him when the judgment and the order entered. As such, the record reflects that the delay in filing the notice of appeal in this case was caused by a lack of understanding of what notice is and is not provided under the electronic filing system, not a lack of understanding of the court rules.

The defendants point out that the thirty-eight notifications from the electronic filing system that were received by Family Dollar's counsel were notifications of filings by the parties and were not notice of the entry of any order, judgment, or decree of the court. However, even given that fact, we remain of the opinion that the expectation of Family Dollar's counsel that he would receive notification from the electronic filing system of the entry of the judgment at issue was understandable under the circumstances. The electronic filing system had only recently been implemented in the Superior Court during the time period at issue in this case; indeed, even the hearing justice frankly admitted that he was "not totally familiar and comfortable with the way our electronic filing system deals with the orders and judgments." In our opinion, in the circumstances of this case, a reasonably prudent person could have likewise relied on receiving

- 11 -

notice from the electronic filing system of the entry of the judgment in the case.  *See Boranian*,
983 A.2d at 839.

What is more, we note that Family Dollar's counsel represented that he made an effort to
contact the court at least twice to inquire about the status of the order and the judgment.  He did
not behave in a careless or inattentive manner; nor did he willfully disregard the process of the
court.  *See Duffy*, 111 A.3d at 366.  For that reason, it is evident to this Court that Family
Dollar's counsel acted in good faith.  *See Boranian*, 983 A.2d at 839.  We also note that the
length of the delay in the filing of the notice of appeal was only thirty days.  *See id.*

We do acknowledge that, as defendants point out, it is the responsibility of the parties to
"know the rules and procedures * * *."  *Coutu ex rel. Coutu v. Porter*, 744 A.2d 405, 406 (R.I.
1999) (mem.).  What is more, we have certainly stated that "[i]t is incumbent upon the party
intending to appeal to be watchful for the entry of a valid judgment."  *Blais*, 812 A.2d at 839.
However, we would note that we have already concluded that the error committed by counsel
for Family Dollar did not stem from a lack of knowledge of the rules, but rather stemmed from
his not unreasonable (albeit erroneous) expectations relative to the electronic filing system.
Moreover, a determination of excusable neglect is an equitable determination; and, for the
above-stated reasons, we can detect no abuse of discretion with respect to the hearing justice's
weighing of the equities in this case.  *See Duffy*, 111 A.3d at 366.

Accordingly, it is our judgment that the hearing justice did not abuse his discretion in
finding excusable neglect in this case.  However, we wish to be absolutely clear: our holding in
this case is the result of our careful scrutiny of the specific facts and context of this case.[2]

---

[2]     We would add that, in view of the plethora of information provided to litigants through
the electronic filing system, now may well be the time for revisiting the provisions of Rule 77(d)

**B**

**Family Dollar's Appeal—Motions to Dismiss**

Having determined that Family Dollar's appeal is properly before us, we turn to the substance of that appeal—*i.e.*, the dismissal of Family Dollar's case in Superior Court due to the fact that the charge of discrimination at issue was destined for a hearing before the Commission at the time when the complaint for declaratory judgment and breach of contract was filed.

**1.  Standard of Review**

We have stated that, "[w]hen we review the grant of a motion to dismiss pursuant to Rule 12(b)(6), we apply the same standard as the hearing justice." *Chase v. Nationwide Mutual Fire Insurance Co.*, 160 A.3d 970, 973 (R.I. 2017) (internal quotation marks omitted); *see also Rein v. ESS Group, Inc.*, 184 A.3d 695, 699 (R.I. 2018).  In so doing "we confine ourselves to the four corners of the complaint, assume that the allegations set forth are true, and resolve any doubts in favor of the complaining party." *Chase*, 160 A.3d at 973 (internal quotation marks omitted); *see also Goddard v. APG Security-RI, LLC*, 134 A.3d 173, 175 (R.I. 2016).  "A motion to dismiss may be granted only when it is established beyond a reasonable doubt that a party would not be entitled to relief from the defendant under any set of conceivable facts that could be proven in support of its claim." *Chase*, 160 A.3d at 973 (internal quotation marks omitted); *see also Doe ex rel. His Parents and Natural Guardians v. East Greenwich School Department*, 899 A.2d 1258, 1264-65 (R.I. 2006).

We further note that "[a] dismissal of a declaratory-judgment action before a hearing on the merits * * * is proper only when the pleadings demonstrate that, beyond a reasonable doubt, the declaration prayed for is an impossibility." *Tucker Estates Charlestown, LLC v. Town of*

---

of the Superior Court Rules of Civil Procedure, especially with respect to the giving of notice of the entry of an order or judgment, one of the most significant events in the travel of a case.

*Charlestown*, 964 A.2d 1138, 1140 (R.I. 2009); *see also Bellevue-Ochre Point Neighborhood Association v. Preservation Society of Newport County*, 151 A.3d 1223, 1228 (R.I. 2017); *Perron v. Treasurer of City of Woonsocket*, 121 R.I. 781, 786, 403 A.2d 252, 255 (1979).

## 2. Discussion

Family Dollar urges this Court on appeal to "reverse the trial court's decision to dismiss Family Dollar's declaratory judgment action * * * [and] conclude [that] the settlement agreement * * * entered into between Family Dollar and Appellee Justin B. Araujo * * * preclude[d] him from proceeding with the Charge of Discrimination * * * currently pending before the [Commission]."[3] Family Dollar contends that it was not required to exhaust administrative remedies because "the question before the Superior Court was a pure question of law, which should be decided by the courts." It notes that Family Dollar's "right[s] under the Release are separate and distinct from the statutory rights the Commission is empowered to enforce."

After a thorough review of the record in this case and after careful consideration of the parties' arguments, we conclude that the hearing justice erred in dismissing Family Dollar's action under the Uniform Declaratory Judgments Act, G.L. 1956 chapter 30 of title 9.

We have indicated that "[a] release is a contractual agreement, and the various principles of the law of contracts govern the judicial approach to a controversy concerning the meaning of a particular release." *Young v. Warwick Rollermagic Skating Center, Inc.*, 973 A.2d 553, 558 (R.I. 2009). Moreover, we have specifically stated that "[c]ontract interpretation is a question of law;

---

[3]    In view of the fact that Family Dollar's appellate argument focuses solely on the dismissal of its declaratory judgment count and in view of the fact that the breach of contract count was dismissed without prejudice (as was the declaratory judgment count), we need not and shall not pass upon the hearing justice's dismissal without prejudice of the breach of contract claim.

it is only when the contract terms are ambiguous that construction of terms becomes a question of fact." *Dubis v. East Greenwich Fire District*, 754 A.2d 98, 100 (R.I. 2000) (internal quotation marks omitted).

In deciding whether or not to issue a declaratory judgment with respect to whether the release at issue serves as a bar to Mr. Araujo's recovery in this case, the Superior Court was originally and will be hereafter presented with the very limited task of interpreting a contract between the parties. To reiterate, the only issue in the case before the Superior Court with respect to the declaratory judgment count was the validity and effectiveness of the release contained in the settlement agreement between Family Dollar and Mr. Araujo—an issue well within the Superior Court's jurisdiction and competence and one with which the justices of the Superior Court must deal frequently.[4] What is more, a declaratory judgment action is a statutory remedy available to Family Dollar which is quite separate and distinct from the proceedings before the Commission. *See* G.L. 1956 chapter 30 of title 9. Indeed, the Uniform Declaratory Judgments Act clearly allows the holder of a release document such as the one at issue in this case to seek from the Superior Court a declaration as to the validity and enforceability of the release. *See* § 9-30-2. Prompt and definitive resolution of release-related issues is one of the many salutary efficiencies made possible by the Uniform Declaratory Judgments Act. Accordingly, it is entirely clear to this Court that Family Dollar's complaint with respect to the validity and enforceability of the release may proceed in Superior Court.

This Court's jurisprudence with respect to the election of remedies doctrine similarly leads us to conclude that the hearing justice erred in the instant case. As we have previously

---

[4] We need not pass upon whether or not, in the circumstances of this case, the Commission has authority to pass upon the validity and effectiveness of the release. *See Grady v. Narragansett Electric Co.*, 962 A.2d 34, 42 n.4 (R.I. 2009) (noting "our usual policy of not opining with respect to issues about which we need not opine").

stated, "[t]he doctrine of election of remedies is one that is grounded in equity and is designed to mitigate unfairness to both parties by preventing double redress for a single wrong." *Weeks v. 735 Putnam Pike Operations, LLC*, 85 A.3d 1147, 1154 (R.I. 2014) (internal quotation marks omitted); *see also State Department of Environmental Management v. State Labor Relations Board*, 799 A.2d 274, 278 (R.I. 2002). The doctrine applies only in cases where "the parties have two or more inconsistent remedies" and where "asserting one necessarily negates or repudiates the other." *Silva v. Silva*, 122 R.I. 178, 184, 404 A.2d 829, 832 (1979); *see also Coderre v. Zoning Board of Review of City of Pawtucket*, 105 R.I. 266, 274, 251 A.2d 397, 402 (1969). There is of course "no bar to the use of concurrent and consistent remedies." *Silva*, 122 R.I. at 184, 404 A.2d at 832; *see also Coderre*, 105 R.I. at 274, 251 A.2d at 402.

In applying that precedent to the instant case, we do not hesitate to conclude that there is no viable election of remedies issue in this case. In the judgment of this Court, and contrary to the assertion of defendants, it matters not that Family Dollar opted not to have the case removed to Superior Court pursuant to § 28-5-24.1(c) because we are confronted with the plain blunt fact that Family Dollar did not commence this litigation before the Commission and thus did not affirmatively elect any remedy. *See, e.g.*, *Rhode Island Employment Security Alliance, Local 401, S.E.I.U., AFL-CIO v. State Department of Employment and Training*, 788 A.2d 465, 468 (R.I. 2002) (stating that the plaintiffs, "having elected their remedies, are now barred from pursuing the matter in court until the remedy *they initiated* has been exhausted") (emphasis added); *Cipolla v. Rhode Island College, Board of Governors for Higher Education*, 742 A.2d 277, 282 (R.I. 1999) (stating that "[o]nce the plaintiff entered the grievance procedure, he had *selected the remedy* to adjudicate his claim, and he should have pursued that remedy to its conclusion") (emphasis added). Consequently, Family Dollar is entitled to have the question of

the validity and enforceability of the contractual settlement agreement passed upon by the courts at this juncture. It is our opinion that the election of remedies doctrine is inapplicable to the case before us.

Additionally, we do not believe that the doctrine of the exhaustion of administrative remedies is applicable to this case since we are not confronted with a situation where Family Dollar is aggrieved by a decision of an agency and must exhaust all avenues of review within that agency before proceeding to court; rather, this is a purely contractual issue. *See Almeida v. Plasters' and Cement Masons' Local 40 Pension Fund*, 722 A.2d 257, 259 (R.I. 1998) ("The general rule is that a plaintiff first must exhaust his administrative remedies before seeking judicial review of an administrative decision."). The validity and applicability of the release is a legal question, unquestionably within the jurisdiction and purview of the Superior Court. *See Burns v. Sundlun*, 617 A.2d 114, 117 (R.I. 1992) (noting, in holding that the doctrine of exhaustion of administrative remedies did not apply in that case, that the question was a "pure question of law"). As such, in our judgment, the doctrine of exhaustion of administrative remedies is inapplicable to the instant case.

In conclusion, we hold that the hearing justice erred in dismissing Family Dollar's declaratory judgment action. It certainly has not been established beyond a reasonable doubt that Family Dollar would not be entitled to relief under any set of conceivable facts on either its declaratory judgment or breach of contract claims. *See Chase*, 160 A.3d at 973. What is more, it is certainly clear that defendants have not borne their burden of showing beyond a reasonable doubt that the declaration requested in the declaratory judgment count in the complaint is an impossibility. *See Tucker Estates Charlestown, LLC*, 964 A.2d at 1140.

Accordingly, Family Dollar's declaratory judgment action may proceed in Superior Court on remand.

## III

### Conclusion

For the above-stated reasons, the November 9, 2016 order of the Superior Court is affirmed. The September 20, 2016 judgment of the Superior Court is vacated. The record may be returned to that tribunal.

**Chief Justice Suttell, with whom Justice Indeglia joins, dissenting.** Although I am not unsympathetic to the plight of the plaintiff's counsel in navigating the intricacies of the court's relatively new electronic filing system, I would point out that Rule 77(d) of the Superior Court Rules of Civil Procedure is neither new nor confusing. Because I do not believe that the plaintiff has met the high standard that this Court has set for a finding of excusable neglect, I respectfully dissent.

As the majority explains, the defendants' cross-appeal is grounded in two procedural rules and this Court's previous interpretation and application of those rules. Rule 77(d) provides: "Immediately upon the entry of an order or judgment the clerk shall make a note in the docket. Such notation is sufficient notice for all purposes for which notice of the entry of an order is required by these rules * * *." Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure requires that a notice of appeal be filed within twenty days "of the date of the entry of the judgment, order, or decree appealed from[,]" but, "[u]pon a showing of excusable neglect, the trial court may extend the time for filing the notice of appeal by any party

- 18 -

for a period not to exceed thirty (30) days from the expiration of the original time prescribed by this [rule]."

We have previously described "excusable neglect" as

> "a failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident, or reliance on the care and vigilance of his counsel or on promises made by the adverse party." *Boranian v. Richer*, 983 A.2d 834, 838 (R.I. 2009) (brackets omitted) (quoting *Pleasant Management, LLC v. Carrasco*, 960 A.2d 216, 224-25 (R.I. 2008)).

"Relief from the repercussions of failure to comply with procedural requirements will not be granted 'unless it is first factually established that counsel's neglect was occasioned by some extenuating circumstance of sufficient significance to render it excusable.'" *UAG West Bay AM, LLC v. Cambio*, 987 A.2d 873, 880 (R.I. 2010) (brackets omitted) (quoting *King v. Brown*, 103 R.I. 154, 157, 235 A.2d 874, 875 (1967)). "We have characterized such circumstances as those that are 'out of that party or counsel's control.'" *Id.* (quoting *Boranian*, 983 A.2d at 840). This Court has declined to grant relief from a counsel's failure to timely file a notice of appeal when the failure to file "was fully within his or her control, and his or her failure to do so derived from his or her own conduct." *Id.* (brackets omitted) (quoting *Astors' Beechwood v. People Coal Company, Inc.*, 659 A.2d 1109, 1116 (R.I. 1995)).

This Court has also stated that, "[w]hen determining whether or not the evidence in a particular case indicates that the conduct at issue amounts to excusable neglect, this Court asks whether what transpired was a 'course of conduct that a reasonably prudent person would have taken under similar circumstances.'" *Duffy v. Estate of Scire*, 111 A.3d 358, 366 (R.I. 2015) (quoting *Boranian*, 983 A.2d at 839). "[T]he determination of excusable neglect 'is at bottom an

- 19 -

equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Boranian*, 983 A.2d at 839 (quoting *Pleasant Management, LLC*, 960 A.2d at 225).

There is no question here that the final judgment was signed and entered on the docket on September 20, 2016. The plaintiff's counsel asserts that he was caught unaware of the entry of judgment on September 20 because he did not receive a notification from the electronic case management system that the judgment had been entered, and some of his attempts to inquire directly at the Superior Court went unanswered. The plaintiff's counsel submitted an affidavit with plaintiff's motion for extension of time to file the notice of appeal in which he attested that he had received thirty-eight electronic notifications about this case from the electronic filing system since he filed the complaint in March 2016, but that he had not received a notification that the order and judgment had been entered on September 20, 2016. There is no indication, however, that he had received notifications in the past when an order in the case was entered on the docket—only that he received a notification when opposing counsel electronically filed the proposed order and proposed judgment as well as many other notifications (the content and context of which were not provided in the written arguments to the Superior Court or to this Court).

The record indicates that plaintiff's counsel received an electronic notification on August 24 that the proposed final judgment had been filed with the electronic filing system. Counsel called the Superior Court clerk's office on September 7 to inquire about its status; he was told that the document was pending. Counsel followed up once more by telephone in late-September or early-October, then he emailed the hearing justice's deputy clerk on October 19. Not receiving a response, counsel sent another email on October 31, to which the deputy clerk replied that the judgment had been entered on September 20.

In light of the clear wording of Rule 77(d), it was the responsibility of counsel to monitor the docket to determine whether the judgment had been entered electronically or the old-fashioned way. *See Cambio*, 987 A.2d at 879 ("[I]t is incumbent upon the party intending to appeal to be watchful for the entry of a valid judgment.") (quoting *Blais v. Beacon Mutual Insurance Company*, 812 A.2d 838, 839 (R.I. 2002) (mem.)). Four contacts with the clerk's office in a nearly eight-week period are simply not sufficient.

Taking all of the relevant circumstances into account and considering our high standard for excusable neglect, counsel's confusion as to the process of docketing orders and judgments does not rise to the level of excusable neglect because counsel has not established extenuating circumstances that were out of his control. *See Cambio*, 987 A.2d at 880. Despite the hearing justice's acknowledgment that there were many areas of confusion as the Superior Court transitioned to the electronic filing system, the plaintiff's counsel's misplaced expectation that he would be notified electronically when the judgment entered was not "occasioned by [an] extenuating circumstance of sufficient significance to render it excusable." *Id.* (quoting *King*, 103 R.I. at 157, 235 A.2d at 875). And, in my opinion, the hearing justice abused his discretion by so concluding. *See id.* at 878. Accordingly, I would sustain the defendants' cross-appeal, vacate the Superior Court's November 9, 2016 order granting the plaintiff's motion for extension of time in which to file a notice of appeal, and dismiss the plaintiff's appeal from the September 20, 2016 judgment in favor of the defendants.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Family Dollar Stores of Rhode Island, Inc. v. Justin B. Araujo et al. |
| **Case Number** | No. 2017-26-Appeal. No. 2017-135-Appeal. (PC 16-1113) |
| **Date Opinion Filed** | April 11, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> John D. Doran, Esq. <br> Eric B. Mack, Esq. |
| | For Defendants: <br><br> Richard A. Sinapi, Esq. <br> Danilo A. Borgas, Esq. <br> Francis A. Gaschen, Esq. <br> Marissa Janton, Esq. |